IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 12-00826-02 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | PERRY ARTATES' MOTION FOR |
| vs. | ) | SEVERANCE |
| | ) | |
| PERRY ARTATES (02), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT PERRY ARTATES'
MOTION FOR SEVERANCE

Before the Court is Defendant Perry Artates' ("Perry") Motion for Severance.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court DENIES Perry's Motion for Severance.

Perry and his wife, Ronnette Artates, were charged with committing wire fraud, making false statements on a loan application, and conspiracy.  (Indictment at 1-9.)  The Indictment alleges that Defendants induced two individuals to sell their house to Defendants and in doing so, Defendants made false statements regarding owner occupancy on their loan application.  (Id. at 2-3.)  Both Defendants are scheduled to be tried together at a jury trial on February 6, 2013.  Perry now moves to sever his trial from his wife's trial.

Perry argues his trial should be severed and held subsequent to his wife's trial. He states that he intends to exercise his right to testify in his own defense and his "privilege not to testify against my spouse, so long as she is in jeopardy." (Perry 9/21/12 Decl'n ¶¶ 3-4.) In a sealed declaration, Perry details his testimony, which he believes may inculpate his wife. (Doc. 24.) Perry seeks severance under Rule 14 of the Federal Rules of Civil Procedure.

FRCP Rule 14(a) provides: "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . ., the court may . . . sever the defendants' trials, or provide any other relief that justice requires." "Generally, defendants jointly charged are to be jointly tried." United States v. Ramirez, 710 F.2d 535, 545 (9th Cir. 1983). Severance under Rule 14 is appropriate when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." United States v. Reese, 2 F.3d 870, 891 (9th Cir. 1993). "The determination of risk of prejudice and any remedy that may be necessary is left to the sound discretion of the district courts." Id.

The issue before the Court arises from a conflict between a right and a privilege – the right to testify in one's own defense and the privilege against adverse spousal testimony. Accord United States v. Ferrer, No. 1:08-CR-0218-03,

2

2008 WL 4890034, at *3 (M.D. Penn. Nov. 12, 2008).  On the one hand, "the Constitution guarantees a criminal defendant the fundamental right to testify at trial on his or her own behalf."  Id. (citing Rock v. Arkansas, 483 U.S. 44, 51 (1987)).  "This right is 'personal,' and can be waived only by the defendant and only if done knowingly, voluntarily, and intelligently."  Id.  On the other hand, there exists the "'privilege against adverse spousal testimony, which prevents one spouse from being compelled to testify against the other and rests with the testifying spouse, who may choose to waive it."  Id. (brackets omitted).  Importantly, this privilege "has deep common law roots, but is not a fundamental right."  Id. (emphasis added).

      The majority of courts faced with the issue before this Court have denied severance, noting that the privilege against adverse spousal testimony is not a fundamental right that warrants severance under Rule 14.  For example, the court in United States v. Freeman, 694 F. Supp. 190, 191-92 (E.D. Va. Sept. 15, 1988) reasoned:

> Clearly, Mrs. Freeman has the right to take the stand in her own defense.  However, although Mrs. Freeman refers to her "right" not to testify against her husband, the privilege not to testify against one's spouse is just that – a privilege.  If a criminal defendant may be required to choose his right to testify over his fifth amendment right to avoid self-incrimination, surely a defendant may be required to make a choice between her right to testify and

>her option to assert a privilege that implicates no constitutional right.

The court concluded that "defendant Mrs. Freeman 'is not entitled to a severance merely because she would rather not testify against her husband at a joint trial.'" Id. at 192.

Other courts have similarly concluded that severance is improper when a defendant is faced with testifying in his own defense or exercising his privilege against adverse spousal testimony.  See United States v. Dowdy, 738 F. Supp. 1283, 1286 (W.D. Mo. 1990) ("[I]f a defendant may be forced to choose between his or her fifth amendment rights and the decision to take the stand, it is certainly fair to compel a defendant to choose between taking the stand and waiving the marital privilege, which is not constitutionally protected.");  United States v. Sasso, 78 F.R.D. 292, 294 (S.D.N.Y. 1977) ("Mrs. Sasso is not entitled to a severance merely because she would rather not testify against her husband at a joint trial.  Just as a criminal defendant must shed the protective cloak of the fifth amendment when taking the witness stand in his or her own defense, Mrs. Sasso may be required to forego her privilege not to testify against her spouse – which implicates no constitutional right – in order to be able to testify on her own behalf.").

In <u>United States v. Galvan</u>, No. 04-CR-00403-LTB, 2006 WL 1659610 (D. Colo June 8, 2006), the District Court of Colorado concluded that no conflict arises between the right to testify in one's own defense and the marital privilege at issue here. The court stated:

> Because Mr. Galvan possesses the privilege not to testify against his wife, no conflict arises. Mr. Galvan may choose to testify in his own defense, or not. If he decides to testify, he may choose to offer testimony inculpating his wife, or not. Neither Mrs. Galvan nor any other person may prevent Mr. Galvan from making those decisions freely.

<u>Id.</u> at *2. Although the defendant husband's testimony would inculpate his wife, the court stated that "[n]either Mr. nor Mrs. Galvan possess a constitutional right to avoid inculpatory testimony." <u>Id.</u>

The Colorado court further concluded that, in a joint trial, the defendant husband would not "be denied the opportunity to provide exculpatory testimony in his own defense":

> To be sure, Mr. Galvan shares with myriad criminal defendants the common dilemma whether to dispute his guilt by inculpating another person. That the person he might inculpate happens to be his wife does not foreclose that strategy. In any event, severance would not resolve his ostensible quandary or preserve any of his rights.

<u>Id.</u> The Court further rejected the husband's argument that "he should be allowed a separate trial so that he may testify against his wife outside the presence of the

jury that will determine his wife's guilt or innocence." Id. at *3.  To that effect, the court stated:  "[t]he purpose of the testimonial privilege is not to manipulate the evidence presented to the factfinder but rather to promote marital harmony."  Id.

In contrast to the majority of courts above, Defendant relies on United States v. Dobson, No. Crim. 02-616-06, 2003 WL 22427984, at *4 (E.D. Pa. Aug. 18, 2003), in which the District Court of the Eastern District of Pennsylvania severed the trials of defendant spouses.  However, in doing so, that court considered the privilege against adverse spousal testimony to be a "fundamental right" rather than a privilege.  Id. at *2.  The court reasoned:  "In the instant case, severance of Larry or Marsha Dobson's trial is justified to protected Larry Dobson's two fundamental rights:  the first, to testify on his own behalf and the second, his right not to testify against his wife."  Id. (emphases added).  Other courts have disagreed with Dobson's reasoning because it gave the marital privilege equal footing with a fundamental constitutional right.  See United States v. Manfredi, 628 F. Supp. 2d 608, 648-49 (W.D. Pa. 2009); Ferrer, 2008 WL 4890034, at *3-4 ("In sum, this court rejects the Dobson court's reasoning.").

6

This Court agrees with the majority of courts, which decline to sever trials where a defendant spouse asserts a conflict between his right to testify in his own defense and his option to exercise his privilege against adverse spousal testimony. Because the marital privilege is not a fundamental right, this Court agrees with those courts that "reject[] the Dobson court's reasoning and decline[] to adopt [Dobson's] suggested bright-line rule in favor of severance anytime a perceived conflict between the right to testify and the privilege against adverse spousal testimony arises." Ferrer, 2008 WL 4890034 at *4. It is "certainly fair to compel [Defendant] to choose between taking the stand and waiving the marital privilege, which is not constitutionally protected." Dowdy, 738 F. Supp. at 1286. Indeed, Defendant is free to forego his privilege not to testify against his spouse in order to testify on his own behalf. Sasso, 78 F.R.D. at 294. Defendant is not entitled to a severance merely because he would rather not testify against his wife at a joint trial. Freeman, 694 F. Supp. at 192. Because a joint trial will not compromise Defendant's right to testify on his own behalf, the Court denies his request for severance. Reese, 2 F. 3d at 891.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Severance.

7

DATED: Honolulu, Hawaii, December 18, 2012.

IT IS SO ORDERED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

USA v. Perry Artates (02), Cr. No. 12-00826-02 SOM; ORDER DENYING DEFENDANT PERRY ARTATES' MOTION FOR SEVERANCE.