IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 12-00826-02 SOM |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S REFUSAL TO SEVER |
| vs. | ) | TRIAL |
| | ) | |
| PERRY ARTATES, (02) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER AFFIRMING MAGISTRATE JUDGE'S REFUSAL TO SEVER TRIAL**

**I.    INTRODUCTION.**

Defendant Perry Artates and his wife are jointly charged with conspiracy, wire fraud, and falsifying information on a loan application.  Artates moved to sever his trial from that of his wife under Rule 14(a) of the Federal Rules of Criminal Procedure.  Stating that he wished to testify in his own defense without implicating his wife in the process, Artates sought to sever their trials, apparently concluding that he would not then be forced to choose between testifying in his own defense and asserting his spousal privilege.  Magistrate Judge Barry M. Kurren denied Artates's motion for severance ("Order").  Artates appeals.  This court AFFIRMS the thoughtful and well-reasoned Order.

**II.    STANDARD FOR APPEAL OF PRETRIAL MATTER DETERMINED BY MAGISTRATE JUDGE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local Rule 57.3(b), a party may appeal to a district judge any pretrial nondispositive matter determined by a magistrate judge.  Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed by the district court only if it is "clearly erroneous or contrary to law."

**III.    ANALYSIS.**

Rule 8(b) of the Federal Rules of Criminal Procedure governs the proper joinder of defendants.  Under Rule 8(b), "[t]he indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).

A co-defendant may seek severance of a joint trial under Rule 14(a), which provides, "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . the court may . . . sever the defendants' trials . . . ."  Fed. R. Crim. P. 14(a).

The Supreme Court has recognized a preference for joint trials in the federal system when defendants are indicted together.  Zafiro v. United States, 506 U.S. 534, 537 (1993).  Joint trials promote efficiency and "generally serve the

interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability." Richardson v. Marsh, 481 U.S. 200, 210 (1987).

In Zafiro, the petitioners urged the Court to adopt a bright-line rule mandating severance whenever codefendants have conflicting defenses. Id. at 538. The Supreme Court declined to do so, explaining that mutually antagonistic defenses are not per se prejudicial, and that the district court has the discretion to determine the relief to be granted. Id. at 539. The Court stated,

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

Id. at 539.

### A. The Spousal Privilege Does Not Mandate Severance of Artates's Trial.

Artates argues that his privilege against giving adverse spousal testimony is a specific trial right that would be compromised in a joint trial. Magistrate Judge Kurren correctly reasoned that the privilege against adverse spousal testimony is not a specific trial right that warrants severance under Rule 14.

Artates also argues on appeal that the privilege essentially interferes with his fundamental right to testify at

3

trial.  He states that being forced to choose between his spousal privilege and testifying in his own defense has a chilling effect on his constitutional right to testify.  This court adopts the Magistrate Judge's reasoning concerning why Artates's fundamental right to testify remains intact.

Artates's retention of the right to testify in his own defense is highlighted by the request in his original motion that "his trial be subsequent to the trial of his co-defendant spouse."  ECF No. 17 at 1.  Artates is implicitly saying that he has no problem exercising his right to testify and waiving the spousal privilege provided his testimony does not prejudice his spouse, who will have already been tried.  What is at issue is not really a tension between his right to testify and his spousal privilege, but the tension between the success of his defense and the success of his spouse's defense.  Unfortunately for Artates, severance is not a remedy designed to address that tension.

In the first place, severance itself does not go to the order in which Defendants are tried.  If severance were ordered and Artates were tried first, he could still testify.  However, if his testimony included evidence incriminating his wife, he would have waived any privilege as to that evidence and could not hide behind the privilege in the subsequent trial of his wife.

Even if severance were ordered and Artates's wife were tried first, it is not at all clear that severance would address

4

Artates's dilemma.  If the wife were convicted and contemplated an appeal, Artates's testimony in his own defense in his own trial could constitute a waiver of the spousal privilege that might require him to testify against his wife if the Ninth circuit remanded her case for retrial.

In short, severance is not a remedy for the situation Artates is in.

   **B. Artates Does Not Demonstrate That He Would Suffer Undue Prejudice in a Joint Trial.**

The Supreme Court considered a defendant's risk of prejudice, for purposes of Rule 14, as involving a factual determination to be evaluated on a case-by-case basis.  Zafiro, 506 U.S. at 539.  This court has examined Artates's public and sealed declarations concerning his possible trial testimony.  As this court noted earlier in the present order, the evidence concerns possible prejudice to his wife, not himself.  Artates fails to demonstrate that he himself would suffer undue prejudice in a joint trial.

The Supreme Court in Zafiro recognized that "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial."  Id. at 539 (citing Tifford v. Wainwright, 588 F.2d 954 (5th Cir. 1979).  Artates's possible testimony exonerating himself is by no means unavailable in a joint trial.  Artates himself has the power to present it.  A

decision to waive the spousal privilege is akin to the decision by any alleged co-conspirator to offer exculpatory testimony in his own defense, while incriminating his co-defendant, who might be his own child or parent or sibling.

This court sees nothing in the Magistrate Judge's Order that is clearly erroneous or contrary to law.

**IV.    CONCLUSION.**

The court AFFIRMS Magistrate Judge Kurren's Order denying Artates's motion to sever his trial from his wife's.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 25, 2013.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge